IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL-EVERET DENNISON, Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 2:17cv871-MHT-WC |
| TERRI BOZEMAN LOVELL, | ) ) ) |
| Defendant. | ) |

# ORDER

Plaintiff has filed a document styled as a "CIVIL AND/OR CRIMINAL COMPLAINT NOTICE OF FELONY" (Doc. 1), in which Plaintiff appears to allege that Defendant, Terri Bozeman Lovell, has committed numerous federal crimes. The District Judge has entered an Order (Doc. 2) referring this matter to the undersigned Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." In order to properly commence an action in the United States District Court, a plaintiff must, at the time of filing the complaint, either pay the requisite civil filing fee pursuant to 28 U.S.C. § 1914(a) or submit a completed application for leave to proceed *in forma pauperis*, pursuant to § 1915(a)(1), which demonstrates the applicant's inability to prepay the full civil filing fee. At the time Plaintiff filed his complaint, he did not pay the civil filing fee or submit an application for leave to proceed *in forma pauperis*. As such, Plaintiff has not properly commenced this action.

On January 9, 2018, the undersigned entered an Order (Doc. 3) noting Plaintiff's failure to properly initiate this action and directing him, before January 23, 2018, to either

pay the requisite civil filing fee or complete and file an application for leave to proceed *in forma pauperis*.  The undersigned directed the Clerk of Court to provide Plaintiff with a copy of the appropriate form along with a copy of the Order.  The undersigned further cautioned Plaintiff that, if he "***fails to either pay the civil filing fee or submit a completed application for leave to proceed in forma pauperis by the date set forth in this Order, the undersigned will recommend to the District Judge that the complaint be dismissed for failure to prosecute and abide by the orders of the court.***"  Doc. 3 at 2 (emphasis in original).  The deadline set by the undersigned has passed and Plaintiff has not paid the civil filing fee, filed an application for leave to proceed *in forma pauperis*, or otherwise responded to the court's Order.[1]  Accordingly, the undersigned finds that this matter should be dismissed for Plaintiff's failure to properly initiate and prosecute this action and failure to follow the orders of the court.

    For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Complaint be DISMISSED, prior to service of process, due to Plaintiff's failure to properly initiate and prosecute this action and failure to follow the orders of the court.  Further, it is

---

[1] In addition, Plaintiff failed, in a separate civil matter in which he is one of the Plaintiffs of record, to file a notice or clarification indicating whether the complaint in the instant matter was intended to serve as the amended complaint the plaintiffs were required to file in that case.  *See* Doc. 21, *Aldridge, et al., v. Lovell, et al.*, Civ. No. 2:17-cv-809-MHT-WC (entered Jan. 24, 2018).  As such, Plaintiff ignored the court's request for confirmation of its own *sua sponte* speculation as to why Plaintiff may have failed to properly initiate this separate, subsequent civil action after he properly initiated the earlier-filed case.

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before March 21, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 7th day of March, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE